**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grace Amato, | No. CV-20-01013-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Holladay Bank and Trust, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Grace Amato's ("Amato") motion to remand. (Doc. 7.)¹ As explained below, the Court will order Amato to show cause why her motion should not be denied in light of the fact that Defendant Don Fletcher ("Fletcher") had not been served at the time Defendant Holladay Bank and Trust ("Holladay") filed its removal notice.

**BACKGROUND**

On April 17, 2020, Amato filed a complaint in Maricopa County Superior Court against Holladay and Fletcher (collectively, Defendants"). (Doc. 1-1 at 4-19.)²

On April 22, 2020, Holladay was served with the summons and complaint. (Doc. 1 ¶ 5; Doc. 1-1 at 2-2 [proof of service].)

On May 22, 2020, Holladay timely removed the action to this Court. (Doc. 1.) In

---

¹ Also pending before the Court is Defendants' motion to dismiss. (Doc. 4.) The Court will address that motion after it resolves Amato's motion to remand.

² Fletcher's spouse, Christine Fletcher, is also named as a defendant for the sole purpose of maintaining claims against the Fletchers' marital community.

the removal notice, Holladay asserted that this Court possesses diversity jurisdiction because the parties are completely diverse and further asserted that, although 28 U.S.C. § 1441(b)(2) ordinarily prohibits removal based on diversity jurisdiction when one of the defendants (here, Fletcher) is a citizen of the forum state, Amato had "fraudulently joined" Fletcher as a defendant for the purpose of evading federal jurisdiction. (Doc. 1 ¶¶ 7-8.) Holladay also asserted in the removal notice that Fletcher had not yet been served. (*Id.* ¶ 6.)

On June 12, 2020, Amato filed a motion to remand. (Doc. 7.) The gist of Amato's argument is that Fletcher was not fraudulently joined, because the claims against him in the complaint have potential merit, and that Holladay's removal effort was therefore improper under 28 U.S.C. § 1441(b)(2). (*Id.*) In addition, Amato states in a footnote that Fletcher has now been served. (*Id.* at 1 n.1.) The proof of service, enclosed as an attachment to the motion, reveals that the date on which Fletcher was served is May 25, 2020. (*Id.* at 11.)

## DISCUSSION

The removal of civil actions to federal court is governed by 28 U.S.C. § 1441. The general rule is that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). Here, it is undisputed that this Court would have possessed original jurisdiction (via 28 U.S.C. § 1332(a)) had Amato chosen to file this action in federal court in the first instance—the parties are completely diverse (Amato is a citizen of Ohio, Holladay is a citizen of Utah, and Fletcher is a citizen of Arizona) and the amount in controversy exceeds $75,000. Therefore, Holladay's decision to remove this action from state court was permissible under Section 1441(a).

The parties' dispute turns on the applicability of Section 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." Specifically, Halladay argues that Fletcher was fraudulently joined as a defendant for the sole purpose of preventing removal while Amato argues that her claims against Fletcher are potentially meritorious (and, thus, her decision to include him as a defendant wasn't fraudulent).

It appears the parties have overlooked a different issue. As noted, Section 1441(b)(2) precludes removal "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). Here, Fletcher had not been served at the time Halladay filed its removal notice—the notice was filed on May 22, 2020 and Fletcher wasn't served until May 25, 2020. At least four federal appellate courts, as well as courts within the Ninth Circuit, have concluded that Section 1441(b)(2) is inapplicable in this circumstance. *See, e.g., Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("[T]he language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). *See also Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("Once any 'local' defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant. . . . Because Industrial Indemnity

had not yet been served at the time that First State filed its removal petition, the language of § 1441(b) mandates the finding that this case was properly removed.").

Accordingly,

**IT IS ORDERED** that Amato show cause why her motion to remand (Doc. 7) should not be denied for the reason discussed in this Order. To do so, Amato must file a memorandum, not to exceed seven pages, addressing the authorities identified above. The memorandum must be filed by **August 28, 2020**. No response shall be filed unless ordered by the Court.

Dated this 18th day of August, 2020.

Dominic W. Lanza
United States District Judge